IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CLAYTON LOTHARP,

        Plaintiff,

v.                                    Civil Action No. 1:05CV23
                                                    (STAMP)
KEVIN WENDT, Warden,
RON MCLEOD, Associate Warden,
and JANICE BUNTS, Administrator
of Health Services,

        Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

On February 3, 2005, pro se plaintiff, Clayton Lotharp, filed

a complaint against the defendants seeking monetary damages

pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of

Narcotics, 403 U.S. 388 (1971).  The Court referred the motion to

United States Magistrate Judge John S. Kaull for submission of

proposed findings of fact and recommendation pursuant to 28 U.S.C.

§§ 636(b)(1)(A) and (B).  The case was assigned to the undersigned

judge on April 4, 2005.

On April 14, 2005, Magistrate Judge Kaull directed the

plaintiff to show evidence of all previous grievances he had filed

with the Federal Bureau of Prisons ("BOP") within fifteen days of

the order.  On April 22, 2005, the plaintiff requested an extension

of time to respond to that Order.

On May 16, 2005, the magistrate judge entered a report

recommending that the plaintiff's motion for extension of time be

denied and his complaint be dismissed without prejudice for failure to exhaust his administrative remedies. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his complaint, plaintiff asserts that: (1) the defendants conspired to punish him for filing grievances regarding official misconduct and lack of medical care; (2) he was denied necessary footwear and placed in the Special Housing Unit for requesting proper footwear; (3) he was denied medication for a serious skin condition and denied placement in a handicap cell; (4) he was misinformed regarding the condition of a boil and was prescribed

the wrong medication for over four months; (5) he was denied all medication and handicap rights after requesting an investigation into the wrongful actions of staff and the lack of medical care; (6) he was threatened with being placed in the Special Housing Unit if he made any more complaints; and (7) he has been deliberately discriminated against because of his medical condition and "ethnic attributes" and has been placed in the Special Housing Unit without due process.  The plaintiff seeks damages for loss of rest/sleep, emotional trauma, depression, anxiety, and apprehension.

In his report, the magistrate judge found that this <u>Bivens</u> action is subject to exhaustion of administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e.  The magistrate judge noted that the plaintiff has admitted that he has not exhausted his administrative remedies and is seeking an extension of time to do so.  The magistrate judge found that the plaintiff must exhaust his administrative remedies prior to filing his complaint with this Court.  <u>See, e.g.</u>, <u>Jackson v. Dist. of Columbia</u>, 254 F.3d 262, 268-69 (D.C. Cir. 2001). Consequently, the magistrate judge recommended that the plaintiff's motion for an extension of time be denied and this case be dismissed without prejudice for refiling after the plaintiff has exhausted his administrative remedies.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly

erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons stated above, plaintiff's motion for an extension of time is hereby DENIED.  It is further ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 2, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE